## Commonwealth v. Tressler

*David Noon, assistant district attorney,* for the Commonwealth.
*Michael Suders,* for defendant.

ROSINI, *J.,* April 2, 1987 — Defendant seeks dismissal of two counts of a six-count information. He contends that the complaint filed against him was improperly amended to include these charges and that the only proper remedy is discharge. We reject this position.

## FACTUAL HISTORY

At approximately 1:15 a.m. on October 10, 1986, a one-vehicle accident occurred in the borough of Snydertown along Legislative Route 283. Occupants of the vehicle included defendant, Christine Moyer, and Shawn Eric Pursel Kratzer. Kratzer died, allegedly as a result of injuries received in this accident.

A criminal complaint was filed on October 14, 1986, charging Tressler with various offenses including: (1) Homicide by vehicle while driving under the influence (as a direct result of 3731), (2) Driving under the influence (3731(a)(1)), (3) Driving under the influence (3731(a)(4)), (4) Involuntary manslaughter, (5) False reports, (6) Furnishing minors, (7) Reckless driving. On October 17, defendant was arrested by warrant, preliminarily arraigned and released on $10,000 R.O.R. bail.

A preliminary hearing was originally scheduled for October 27, 1986, but was continued at the request of the commonwealth. The hearing was rescheduled for December 16, 1986.

Prior to testimony being taken on that date, the commonwealth requested an amendment to the complaint in order to include counts of Homicide by vehicle and driving under the influence (controlled substance). At that time, count 3, Driving under the influence (3731(a)(4)) was withdrawn. The magistrate allowed the amendment, over defense counsel's objection, and continued the preliminary hearing until December 29, 1986.

At the preliminary hearing counsel for defendant strenuously objected to the prior amendment, citing Pa.R.Crim.P. 150. This motion was denied by the magistrate, and the hearing was held. Defendant was bound for court on counts 1, 5, 6, 7, 8 and 9. Driving under the influence of alcohol and Involun-

tary manslaughter were dismissed by the magistrate.

An information was filed February 3, 1987, charging all of the counts which had been bound over for court.

At a formal arraignment on February 5, 1987, defendant again objected to the amendment and entered a plea of not guilty. Request for bill of particulars and request for discovery were filed on February 9, 1987.

On March 3, 1987, defendant filed an omnibus pretrial motion requesting sanctions for the commonwealth's failure to respond to discovery and including a motion to dismiss for violation of Pa.R.Crim.P. 150. The commonwealth responded to discovery on March 11, 1987. On March 31, this court heard argument on the motion to dismiss.

## DISCUSSION

Rule 150 was amended on April 8, 1982, effective July 1, 1982, to read:

"A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, summons, or warrant, or a defect in the procedures of this Chapter, unless defendant raises the defect before the conclusion of the preliminary hearing and the defect is prejudicial to the rights of defendant." Pa.R.Crim.P. 150.

A review of the case law reveals little post amendment authority to guide us in applying this provision to the present case. However, a recent en banc decision of our Superior Court contains a thorough discussion of the appropriate sanctions for violation of Pa.R.Crim.P. 130(d) respecting the time for filing a complaint. Both the majority and concurring opin-

ions compare that provision with Pa.R.Crim.P. 150 as specifying the remedy for procedural defects in the filing of charges. *Commonwealth v. Schimelfenig,* Pa. Superior Court No. 2251 Philadelphia 1985 (filed March 6, 1987).

Olszewski, J., writing for the court, observes that "Rule 150 specifically states — in title and context — that procedural defects are inadequate grounds for discharge." He notes that the 1982 amendment was made for the specific purpose of providing a method to remedy procedural defects, citing the report of procedural rules committee, "Proposed New Pa.R.Crim.P. 70 and Amendment to Pa.R.Crim.P. 150," Pennsylvania Bulletin, Vol. 11, No. 29, at 2250 (July 18, 1981).

Montemuro, J., in his concurrning opinion expresses what this court views as the clearest statement available in the interpretation of Pa.R.Crim.P. 150. He writes:

"Rule 150 represents a fixed and stated policy which is always in force, and which may be overcome only by substantial impairment of defendant's rights in conjunction with his prompt recognition and reportage of the violation. For such a rule to be eclipsed, more is necessary than a defendant's disappointed expectations in a time limitation. Again, *real prejudice must have occurred and been shown at the proper time.* (emphasis added.)

In the instant case it is uncontested that counts 8 and 9 arise out of the same factual situation as the earlier charges. The magistrate gave defendant a two-week continuance so that his attorney could investigate the added charges and prepare a defense. All charges were presented at one preliminary hearing.

In short, the magistrate took reasonable steps to protect defendant's right to know and defend all

charges arising out of the October 10 incident. Defendant has shown no actual prejudice resulting from the amendment of the complaint.

Defendant also argued that his speedy trial rights may be prejudiced. Since the original complaint was filed October 14, 1986, and additional counts added on December 16, 1986, he has no way of knowing when the 180 days would expire. We find no merit to this argument since the commonwealth has stipulated that the Rule 1100 period would run from October 14, 1986, for all counts.

We therefore enter the following

## ORDER

And now, this April 2, 1987, defendant's motion to dismiss is hereby denied.